IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKIE SUE LADAPO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-2602-D |
| VS. | § | |
| | § | |
| TARGET STORES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Jackie Sue Ladapo ("Ladapo") sues defendant Target Stores, Inc. ("Target") to recover for injuries she allegedly suffered when a drawer used to store cosmetics came out and fell on her foot while she was working at a Target store as employee of an independent contractor of Target.  Target moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings.  It contends that Ladapo cannot recover because a premises owner is liable to the employee of an independent contractor only for claims arising from a concealed preexisting defect, and Target owed no duty to Ladapo because she alleges that she was fully aware of the condition of the drawer before it fell on her foot.  The court grants the motion.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.

1990) (per curiam) (citations omitted).  The motion "should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law."  *Greenberg v. Gen. Mills Fun Grp., Inc.*, 478 F.2d 254, 256 (5th Cir. 1973) (per curiam).

Ladapo alleges in her state court original petition[1] that, on June 14, 2012, she was working at the Target store in Cedar Hill, Texas as an employee of an independent contractor of Target and was assisting and marketing to Target customers cosmetics that it had purchased from her employer.  Orig. Pet. ¶ III.  Because Ladapo was an employee of an independent contractor, the duty that Target owed her was to warn her of concealed preexisting defects on the premises.

> Generally, a landowner is liable to employees of an independent contractor only for claims arising from a pre-existing defect rather than from the contractor's work, and then only if the pre-existing defect was concealed: "With respect to existing defects, an owner or occupier has a duty to inspect the premises and warn of *concealed* hazards the owner knows or should have known about."

*Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 (Tex. 2008) (footnote omitted) (quoting *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 295 (Tex. 2004)).  The duty to warn an employee of an independent contractor of an open and obvious defect is on the independent contractor, not the owner or occupier.  "Placing the duty on an independent contractor to warn its own

---

[1]Ladapo filed this case *pro se* in state court, so her operative pleading is her state court original petition.  Target removed the case to this court based on diversity of citizenship. Ladapo is now represented by counsel.

employees or make safe open and obvious defects ensures that the party with the duty is the one with the ability to carry it out." *Id.* at 216.[2]

Ladapo alleges that the cosmetics that Target displayed and stored at the Cedar Hill store were stored in a locking drawer, and that

> [o]n several occasions prior to June 14, 2012, [Ladapo] and others had complained to [Target] that a particular drawer was not functioning properly and would pull out and fall.  On June 14, 2012 while [Ladapo] was performing services for the benefit of [Target], the drawer came all the way out and fell on [Ladapo's] foot, severely injuring same.

Orig. Pet. ¶ III.  Ladapo affirmatively pleads that the malfunctioning drawer that injured her when it came all the way out and fell on her foot was a hazard of which she was acutely aware.  In fact, she asserts that she had actually complained about this particular defective drawer prior to June 14, 2012, the date it fell and injured her foot.  Therefore, Ladapo's attempt in her response to distinguish *Moritz* on the basis that "[a] pre-existing defect was concealed; the face of the drawer was visible to the Plaintiff, but not the mechanism that controlled the drawer from stopping and falling out onto the floor," P. Resp. [3], is negated by her unequivocal allegation that "[o]n several occasions prior to June 14, 2012, [Ladapo] and others had complained to [Target] that a particular drawer was not functioning properly and would pull out and fall."  Orig. Pet. ¶ III.  The same is true for her apparent attempt in her response to Target's motion to rely on a concealed and faulty *drawer mechanism*.  *See*

---

[2]This interpretation and application of *Moritz* has been followed in cases like *Spencer v. United States*, 2011 WL 3273052, at *3-4 (S.D. Tex. July 29, 2011).

P. Resp. [4] (referring to "the Plaintiff's claim herein that the drawer mechanism was concealed and faulty, causing injury to her").  Whether the drawer, or, more precisely, the door mechanism was faulty and hazardous, Ladapo knew the drawer was defective and actually complained about it to Target before June 14, 2012.

Accordingly, Target is entitled to judgment on the pleadings under Rule 12(c) because it owed no duty to warn Ladapo about a defective drawer that she already knew was defective, and the hazardous nature of which was not concealed.

Because Ladapo was *pro se* when she filed this suit, Target accepts that Ladapo's petition should be liberally construed, but it maintains that she is limited, as a matter of law, to a premises liability theory of recovery.  Target posits that, because that theory fails as a matter of law, there is no basis on which she can recover.  Although in ¶ IV of her original petition Ladapo refers to alleged acts of negligence that can be construed as asserting a claim that is distinct from a premises liability claim, she neither contends in her response to Target's motion that she can recover under a theory other than premises liability, nor does she move for leave to amend to plead that or any other theory of liability.  Instead, she argues that Target is not entitled to relief under a proper application of the Rule 12(c) standard and that *Moritz* is factually distinguishable from her case.  Because Ladapo is only alleging a premises liability claim under which she cannot recover as a matter of law, she does not contend that she can recover under a theory other than premises liability, and she does not move for leave to amend, the court dismisses her lawsuit in its entirety.

                                *    *    *

The court grants Target's Rule 12(c) motion and dismisses this action by judgment

filed today.

          **SO ORDERED**.

    November 21, 2014.



                                          _____
                                          SIDNEY A. FITZWATER
                                          UNITED STATES DISTRICT JUDGE