IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACKIE SUE LADAPO, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-2602-D |
| VS. § | |
| § | |
| TARGET STORES, INC., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Following the Fifth Circuit's remand of this premises liability action in light of the Supreme Court of Texas' recent decision in *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193 (Tex. 2015), the court must determine whether plaintiff has plausibly alleged a premises liability claim based on the necessary-use exception announced in *Austin*. Concluding that she has, the court denies defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss.[1]

I

The background facts of this case are set out in this court's memorandum opinion and order, *Ladapo v. Target Stores, Inc.*, 2014 WL 6617031, at *1 (N.D. Tex. Nov. 21, 2014) (Fitzwater, J.) ("*Ladapo I*"), *vacated and remanded*, 615 Fed. Appx. 842 (5th Cir. 2015), and need not be repeated at length. The court recounts them only to the extent necessary to place

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

the present decision in proper context.

Plaintiff Jackie Sue Ladapo ("Ladapo") sues defendant Target Stores, Inc. ("Target") to recover for injuries she allegedly suffered when a drawer used to store cosmetics came out and fell on her foot while she was working at a Target store as an employee of an independent contractor of Target. Target moved under Rule 12(c) for judgment on the pleadings, contending that Ladapo could not recover as a matter of law because a premises owner is liable to the employee of an independent contractor only for claims arising from a concealed preexisting defect, and because Ladapo had alleged in her state-court petition that she was fully aware of the condition of the drawer before it fell on her foot, Target owed no duty to Ladapo. The court agreed, granted Target's motion, and dismissed the case.

Several months after the court decided *Ladapo I*, the Supreme Court of Texas issued its decision in *Austin*, clarifying the law regarding premises liability generally, and recognizing a necessary-use exception to the general rules of premises liability. On appeal of this court's decision in *Ladapo I*, Ladapo argued that the necessary-use exception announced in *Austin* applied to her case. Without expressing a view on whether the necessary-use exception could or did apply, the Fifth Circuit remanded this case to this court with instructions to "address the pleadings, including any requests to amend the pleadings, anew in light of the decision in *Austin*." *Ladapo v. Target Stores, Inc.*, 615 Fed. Appx. 842, 843 (5th Cir. 2015) (per curiam) ("*Ladapo II*").

Following the Fifth Circuit's remand, Ladapo amended her complaint, and Target now moves anew to dismiss under Rule 12(b)(6) on the basis that Ladapo has failed to state a

plausible claim for relief in support of her premises liability claim based on the applicability of the necessary-use exception announced in *Austin*. Ladapo opposes the motion.

II

As noted above, the Fifth Circuit remanded this case with instructions to "address the pleadings, including any requests to amend the pleadings, anew in light of the decision in *Austin*." *Ladapo II*, 615 Fed. Appx. at 843. In *Austin* the Supreme Court of Texas reaffirmed the general rule that a landowner has a "duty to make safe or warn against any *concealed*, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin*, 465 S.W.3d at 203 (emphasis added). The court, however, recognized two exceptions to this general rule. The first, not applicable here, is the criminal-activity exception.[2] The second exception—the necessary-use exception—is "an exception that recognizes a landowner's duty to make its premises safe when, despite an awareness of the risks, it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk." *Id.* at 208.

Accepting as true the well-pleaded facts of Ladapo's amended complaint, and viewing them in the light most favorable to her, the court holds that Ladapo has plausibly alleged a claim under the necessary-use exception. Under the necessary-use exception announced in

---

[2]That exception "applies in cases involving dangers resulting from a third party's criminal conduct in which the landowner should have anticipated that the harm would occur despite the invitee's knowledge of the risks." *Austin*, 465 S.W.3d at 206.

*Austin*, the landowner owes a duty to make the premises safe when (1) it is necessary that the invitee use the dangerous premises and (2) the landowner should have anticipated that the invitee is unable to take measures to avoid the risk. *Id.* Ladapo alleges in her amended complaint that it was necessary for her to use the white drawer that caused her injury. Under the heading "Necessary Use," Ladapo alleges that she

> was unable to do her job, if she was unable to utilize the large, white drawer which held the Boots cosmetics products that she was required to market and sell. There was only one large, white drawer, and that large white drawer contained the products [Ladapo] needed to do her job; there was no alternative resource to obtain other Boots products. The large white drawer contained testers, samples, journal book, makeup brushes, and supplies; and everything [Ladapo] needed for her job was contained in that single, large white drawer.

Am. Compl. ¶ 4(D)(iii). Ladapo also asserts that Target should have anticipated that she was unable to take measures to avoid the risk. She contends in her brief in opposition to Target's motion to dismiss[3] that

> under the "Necessary Use Exception" Target should have anticipated that [Ladapo], the Invitee, was unable to avoid the unreasonable risks despite [Ladapo]'s awareness of the risks, (the large white drawer falling open) and the facts that demonstrate that "it was necessary that [Ladapo], use the unreasonably dangerous premises["]; that is, the storage

---

[3]Although Ladapo's response brief is not part of her amended complaint and is not properly considered on Target's Rule 12(b)(6) motion, if the court were to grant Target's motion to dismiss, it would permit Ladapo to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.). In a second amended complaint, Ladapo would be allowed to incorporate the allegations in her response brief. Accordingly, the court will treat these assertions as if they had been pleaded in her amended complaint.

equipment, that contained the large, white drawer.

P. Br. 3-4. She also maintains:

> Because of Target's failure to provide other options for [Ladapo] to utilize the cosmetics, such as providing another drawer, repairing the drawer[,] or something equivalent, (Target should have anticipated that Jackie would have to open the large white drawer); [Ladapo] had no choice, that day, in that Target, but to use that drawer[.]

*Id.* at 4-5. Treated as allegations of the amended complaint,[4] these contentions are sufficient to plausibly allege a premises liability claim based on the necessary-use exception recognized in *Austin*.

The court recognizes that the Supreme Court of Texas in *Austin* rejected the plaintiff's argument that a duty arises where the employee undertakes a risk "at the instruction of his employer rather than by purely voluntary choice." *Austin*, 465 S.W.3d at 213. The court reasoned that although the plaintiff in that case was injured while performing his work duties, the performance of those duties was "voluntary in nature" since "an employee always has the option to decline to perform an assigned task and incur the consequences of that decision." *Id.* at 213-14 (citing *McKee v. Patterson*, 271 S.W.2d 391, 396 (Tex. 1954)). Target relies on these statements to argue that "voluntarily encountering an alleged hazard because it is 'necessary' to perform one's job duties does not constitute 'necessary use' under *Austin*." D. Br. 5. But the language from *Austin* that Target relies on is found in the part of the opinion that addresses why the Supreme Court of Texas declined recognize a *third* exception

---

[4]*See supra* note 3.

to the general rule for "cases where an employee is injured while performing a task that the employer specifically assigned to the employee." *Austin*, 465 S.W.3d at 213. These statements are not within the part of the opinion that defines the necessary-use exception. At this stage of the case,[5] it is sufficient that Ladapo has alleged that it was necessary for her to use the white drawer that caused her injury and that Target should have anticipated that she was unable to take measures to avoid the risk. This is all *Austin* appears to require to state a claim under the necessary-use exception. Accordingly, the court denies Target's motion to dismiss.

III

In its brief, Target contends that the new allegations in the amended complaint that do not relate to the necessary-use exception should not be considered. "[I]n the unlikely event the Court does not grant Target's Motion to Dismiss, or otherwise dispose of Plaintiff's claim," Target moves to strike these allegations. D. Br. 4.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (Fitzwater, J.), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir. 2008). Motions to strike a portion of a pleading are generally viewed with disfavor and are

---

[5]Although the court holds that Ladapo has plausibly alleged a claim under the necessary-use exception, it does not suggest how it would rule on a motion for summary judgment or what it deems to be the probable verdict at trial.

seldom granted, because these motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962) (citation omitted); *see also Florance v. Buchmeyer*, 500 F.Supp.2d 618, 645 (N.D. Tex. 2007) (Ramirez, J.) (holding that Rule 12(f) motions "are viewed with disfavor" and should be granted "only when the pleading to be stricken has no possible relation to the controversy.") (citations omitted)), *rec. adopted*, 500 F.Supp.2d 618 (N.D. Tex. 2007) (Lynn, J.). Target has not shown that the statements in question are immaterial or impertinent to the controversy itself. *See United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (concluding that district court did not abuse its discretion in denying motion to strike where "disputed statements were material and pertinent to the underlying controversy"). Accordingly, to the extent Target moves to strike portions of Ladapo's amended complaint under Rule 12(f), the motion is denied.

* * *

For the reasons explained, the court denies Target's Rule 12(b)(6) motion to dismiss Ladapo's amended complaint.

**SO ORDERED**.

May 6, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE